

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 20, 2021

**By ECF**
The Honorable Philip M. Halpern
United States District Court
500 Pearl Street
New York, NY 10007

    Re: *McFall v. Walsh*, Case No. 19 CV 11581 (PMH)

Dear Judge Halpern:

  This Office represents Martin J. [Walsh, the Secretary of Labor] ("DOL"), in this employment discrimin[ation action brought by Sharon McFall] ("Plaintiff" or "McFall").[1] McFall, an [... alleges that she was removed] from her position within the DOL's Wa[ge and Hour Division ("WHD") based on] sex, and in reprisal for engaging in prot[ected activity, and seeks reversal and] judicial review of the Merit Systems Pr[otection Board's decision affirming the removal] of McFall. We write to request entry of [a proposed order governing the] handling of certain records to be excha[nged in discovery.]

  For context, the WHD is a civil [enforcement agency within the DOL.] The WHD is responsible for administe[ring and enforcing federal statutes and] regulations that establish basic labor sta[ndards for millions of workers. The] investigators of the WHD such as McF[all conduct investigations. The role of a] WHD Investigator is to gather evidence [about employer compliance, including] obtaining sensitive information from en[tities such as bank records and business] agreements, conducting interviews of e[mployers and employees, and working] through confidential informants. After [gathering the evidence, Investigators make] an initial determination about whether the target-employer was in compliance with the law and, if not, recommend whether penalties are appropriate. McFall was a WHD Investigator assigned to the WHD office in White Plains (the "White Plains Office"). Starting in February 2017 until her removal in April 2019, McFall's direct supervisor was Denise Fernandez ("Fernandez"), the Assistant District Director in charge of the White Plains Office and another office in Poughkeepsie. The WHD removed McFall after finding deficiencies in her work performance.

---

[1] Martin J. Walsh was sworn in as the Secretary of the Department of Labor on March 23, 2021. Per Federal Rule of Civil Procedure 25(d), Secretary Walsh is automatically substituted as a party in place of Eugene Scalia, the former Secretary of the Department of Labor.

---

**Judge's stamped order (overlay):**

> Application granted in part. The fact discovery deadline shall be extended to July 19, 2021. The June 9, 2021 case management conference is adjourned to July 22, 2021 at 11:00 a.m. to be held via telephone conference. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 345683. At the conference, expert discovery on damages and anticipated summary judgment motion practice will be discussed (*see* Doc. 37).
>
> With respect to Defendant's request that the Court so-order the proposed Privacy Act Order and Protective Order, Plaintiff is directed to file a letter in response by April 28, 2021 at 5 p.m.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>    April 21, 2021

Plaintiff seeks broad discovery of confidential, sensitive information:

1. **WHD Investigators Supervised by Fernandez**. Plaintiff seeks production of annual performance evaluations of WHD Investigators and emails containing Fernandez's criticism of their work.

2. **Investigations Conducted by McFall While Supervised by Fernandez**. Case files contain the results of investigators' work such as employer payroll information, witness interview statements, assessment of employer ability to pay fines, analysis of whether to bring an enforcement action, and the assigned investigator's diary for that case, which the investigator uses to document case-related activity. WHD Investigators promise to protect the identify of employees who they interview to the extent possible. Plaintiff seeks production of all case diaries she prepared while supervised by Fernandez. She also seeks the entire case file of an investigation she conducted which is relevant to the DOL's decision to remove her.

3. **Other WHD Investigations**. Plaintiff seeks the case diaries of all WHD Investigators prepared while she was supervised by Fernandez to identify the dates diary entries were made. She also seeks information about modifications to case files after initial submission to Fernandez for review.

4. **Information Concerning Fernandez**. For the period she was supervised by Fernandez, Plaintiff seeks production of every email sent or received by Fernandez outside of normal work hours and on weekends.

5. **Employee Grievances**. Plaintiff, a former union shop steward at the WHD, seeks production of certain grievances brought by co-workers against management.

Each category contains voluminous information pertaining to third-parties (*e.g.,* current and former WHD employees; private businesses investigated; employee witnesses). The Agency treats information in categories 1-3, and work-related emails in category 4 as confidential: (i) these documents contain private, sensitive information about employees such as performance reviews and grievances; (ii) private, sensitive information obtained during the course of an investigation which employers are required by law to provide,[2] confidential employee witness statements, and methods of analysis WHD uses to assess investigations and calculate penalties.

As a result, the Government requested that the parties stipulate to the entry of the proposed protective order. Plaintiff declined to provide consent, proposing instead that the Government redact the names of third-parties so as to maintain confidentiality of the information. Although the parties have acted in good faith, we were unable to resolve our disagreement. Accordingly, the Government respectfully requests that the Court enter the attached proposed confidentiality order pursuant to Federal Rule of Civil Procedure 26(c), which authorizes the entry of such orders for good cause shown.

---

[2] *See* 29 C.F.R § 516.7(b) ("Inspection of records. All records shall be available for inspection and transcription by the Administrator [of the Wage and Hour Division of the United States Department of Labor] or a duly authorized and designated representative.").

The proposed order addresses two issues. First, it authorizes the Government to produce documents subject to the Privacy Act, 5 U.S.C. § 552a(b). In brief, the Privacy Act prohibits a federal agency from producing documents or disclosing information derived from records linked to an individual that are maintained in a system of record and retrieved by reference to the individual name or other identifying information. Violation of this prohibition can subject an agency to civil penalties (5 U.S.C. § 552a(g)) and the disclosing agency employee to criminal penalties (5 U.S.C. § 552a(i)). To facilitate discovery in litigation involving a federal agency, parties rely on an exception to the Privacy Act, 5 U.S.C. § 552a(b)(11), which permits disclosure pursuant to court order, by entering into a stipulated protective order. This is the practice in this District.[3] The Court has entered a protective order nearly identical to the one proposed here. *See Pratt v. Brenann,* 18 CV 4799, Dkt. No. 50 (May 26, 2020). Second, the proposed order protects the sensitive, private information gathered by a law enforcement agency investigating private businesses which are required by law to provide certain information.

The Government has objected to the scope of Plaintiff's discovery requests as overly broad, and the parties are attempting to negotiate in good faith to narrow the scope of those requests. To be clear, however, the Government is not seeking a protective order to avoid the production of responsive documents in question. The Government has agreed to produce a significant number of requested documents about which there is no dispute as to their relevance. Instead, we merely request that Plaintiff provide assurances – through a protective order – that she will maintain the confidentiality of these documents, and use them only for purposes of this litigation.

Finally, on consent, I write respectfully to request a 45-day extension of the fact discovery deadline from June 4 to July 19, 2021, with a corresponding adjustment of the remaining case schedule. The request is being made because the scope of the request has resulted in collecting a far greater number of documents than anticipated. To address the unexpected breadth, during the last week alone, the undersigned has had multiple hours-long meetings with the Agency's IT staff concerning locating, obtaining and retrieving records. Further complicating

---

[3]*See, e.g., Cole v. United States*, 20 CV 7719 (JPO), Dkt. No. 15; *Martinez v. United States*, 20 CV 7275 (VEC), Dkt. No. 71; *Santiago v. United States,* 20 CV 6887 (SHS), Dkt. No. 31; *Cruz v. United States,* 20 CV 4470 (RWL), Dkt. No. 32; *Payne v. United States,* 20 CV 3674 (SLC), Dkt. No. 18; *Fernandez-Rodriguez v. Licon-Vitale,* 20 CV 3315 (ER), Dkt. No. 29; *Matias v. Brady Gonzalez,* 20 CV 2325 (JLC), Dkt. No. 41; *Powell v. United States,* 19 CV 11351 (AKH), Dkt. No. 63; *Martinez v. United States,* 19 CV 11320 (CS), Dkt. Nos. 15, 19; *Shahabuddin v. United States,* 19 CV 10716 (LJL), Dkt. No. 22; *United States v. Doonan,* 19 CV 9578 (AT), Dkt. No. 25; C*ampbell v. United States*, 19 CV 9444 (VLB), Dkt. No. 45; *Garcia v. Wheeler,* 19 CV 8482 (LJL), Dkt. No. 39; *Marie v. United States,* 19 CV 6854; *Cepeda v. United States*, 19 CV 5967 (LGS), Dkt. No. 38; *Ballis v. United States,* 19 CV 5859 (GHW), Dkt. No. 61; *Planned Parenthood Federation of America*, *Inc v. Azare Ii*, 19 CV 5433 (PAE), Dkt. No. 55; *State of New York v. United States Department of Health and Human Services*, 19 CV 4676 (PAE), Dkt. No. 131; *Perdomo v. United States*, 19 CV 3378 (KHP), Dkt. No. 17; *Rosa v. United States*, 19 CV 2473 (PKC), Dkt. No. 27; *Campbell v. City of Yonkers,* 19 CV 2117 (VLB), Dkt. No. 122*; The Innocence Project, Inc v. National Museum of Health and Medicine*, 19 CV 1574 (AJN), Dkt. No. 36; *Cisse v. United States,* 19 CV 614 (RWL), Dkt. No. 25; *Days v. Police Department*, 7:18 CV 11538 (AEK), Dkt. No. 143.

these efforts, the WHI Office in White Plains, where relevant investigation case files are maintained, has been closed to staff due to Covid restrictions, leading to additional delays in collecting documents.

      We thank the Court for its consideration of this request.

Respectfully,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
   *Counsel for Defendant*

By:  /s/ *Brandon Cowart*
BRANDON H. COWART
Assistant United States Attorney for the
Southern District of New York
Tele.: (212) 637-2693
Email: brandon.cowart@usdoj.gov

Encl.

cc:    <u>By ECF</u>
       Susan L. Kruger
         *Plaintiff's Counsel*