

> The Court shall hold an in-person discovery conference at 4:00 p.m. on July 7, 2022 to hear the dispute described in Defendant's letter dated June 3, 2022 (Doc. 74) and the dispute described in Plaintiff's letter dated June 3, 2022 (Doc. 75).
>
> The Clerk of Court is respectfully requested to terminate the motion sequences pending at Docs. 74 and 75.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>          June 6, 2022

**By ECF**
The Honorable Philip M. Halpern
United States District Court
500 Pearl Street
New York, NY  10007

    Re: *McFall v. Walsh*, Case No. 19 CV 11581 (PMH)

Dear Judge Halpern:

  This Office represents Martin J. Walsh, Secretary, United States Department of Labor ("DOL"), in this employment discrimination action brought by plaintiff Kathleen McFall ("Plaintiff"). Plaintiff, an African-American female, alleges that she was terminated from her position within the DOL's Wage and Hour Division due to her race and sex, and in reprisal for engaging in protected activity, in violation of Title VII. Plaintiff also seeks judicial review of the Merit Systems Protection Board's decision upholding her removal by the DOL.

  The Government writes respectfully to request a *nunc pro tunc* extension of the time to serve interrogatory and document discovery requests. Plaintiff will not consent to the granting of this relief. Counsel for the Government (Brandon Cowart) and Plaintiff (Conor Ahern) conferred on March 25, 2022, but were unable to resolve this discovery dispute.

  **Government's Position.** The request is being made to address the Government's error during the initial phase of discovery in this case. On September 3, 2020, the Court entered the Civil Case Discovery Plan and Scheduling Order, Dkt. No. 32, setting forth a deadline for the completion of discovery along with several interim deadlines for the conduct of discovery including, *inter alia*, that initial requests for production of documents and interrogatories be served by October 5, 2020. The Government has actively participated in discovery during the case, including producing 23,324 pages of documents in response to Plaintiff's document requests, while engaging in several meet-and-confers with Plaintiff's counsel to resolve discovery disputes. However, due to mis-calendaring and oversight, the Government did not serve its discovery requests until March 25, 2022. Plaintiff will not be prejudiced if the relief is granted. Fact discovery is still open, and is due to close on July 15, 2022.

  **Plaintiff's Position.** Plaintiff reads this Court's Civil Case Discovery Plan and Scheduling Order to indicate that all initial requests for production of documents and interrogatories were due by October 5, 2020. Because Defendant did not serve either on

Plaintiff's counsel until March 25, 2022, Defendant thereby forfeits its right to request discovery. Plaintiff would be prejudiced because she would have to incur the expenses and difficulties of complying with discovery requests that Defendant's inaction forfeited over a year prior.

               Respectfully submitted,

               DAMIAN WILLIAMS
               United States Attorney for the
               Southern District of New York
                 *Counsel for Defendant*

            By: /s/ *Brandon Cowart*
               BRANDON H. COWART
               Assistant United States Attorney for the
               Southern District of New York
               Tele.: (212) 637-2693
               Email: brandon.cowart@usdoj.gov

cc: By ECF
   Conor Ahern
     *Plaintiff's Counsel*