

> Application denied. The Court hears discovery disputes in person. In light of Defendant's counsel's conflict, the discovery conference currently scheduled for July 7, 2022 is adjourned to July 14, 2022 at 2:30 p.m. in Courtroom 520 of the White Plains Courthouse. The parties are encourage to resolve their discovery disputes (Doc. 74; Doc. 75) without the Court's intervention.
>
> Plaintiff is granted leave to file an amended Civil Case Discovery Plan and Scheduling Order to account for a stay of expert discovery, in accordance with the Court's Order at Doc. 37.
>
> The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 77.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>          June 17, 2022

BY ECF

The Honorable Philip M. Halpern
United States District Court
500 Pearl Street
New York, NY 10007

    Re: *McFall v. Walsh*, Case No. 19 CV 11581 (PMH) (S.D.N.Y.)

Dear Judge Halpern:

    I represent plaintiff Kathleen McFall in her employment discrimination action against Martin J. Walsh, Secretary, United States Department of Labor ("DOL") under Title VII of the Civil Rights Act of 1964. I write regarding the In-Person Discovery Conference the Court scheduled via ECF No. 76, and to request a modification to the expert discovery schedule.

    Both parties respectfully request that they be granted leave to attend the July 7, 2022 discovery conference remotely for good cause. Plaintiff requests leave because her counsel do not work or reside in the vicinity of the Southern District of New York, and so she would incur significant expense if counsel were required to attend in-person. Defendant's counsel recently developed an unanticipated conflict on July 7, 2022, and so would be unable to attend on that day either.

    Plaintiff additionally requests an extension of the deadline for expert disclosures and discovery. The parties had jointly requested in ECF No. 36 a stay of expert discovery on damages pending the parties' anticipated motions for summary judgment on liability, which this Court granted in ECF No. 37. In drafting the Civil Case Discovery Plan and Scheduling Order at ECF No. 73, Plaintiff regrettably failed to take this cadence into account, and at present expert disclosures and depositions are due before the parties are scheduled to engage in summary judgment motion practice. Plaintiff respectfully requests and Defendant does not oppose leave to submit a modified Civil Case Discovery Plan that stays expert discovery on damages pending resolution of anticipated summary judgment motion practice.

                                                       Respectfully,

Conor Ahern
Counsel for Kathleen McFall
Tele: (202) 235-2581
Email: conor.ahern@leschtlaw.com
*Respondent's Counsel*

cc:   Brandon Cowart (by ECF)
       *Defendant's Counsel*