

> Application granted. The parties are directed to meet and confer to resolve this dispute. Defendant is directed to determine whether information relating to the alleged comparators' shift times is available in WebTA records and whether such records can be produced, and advise the Court by letter on the steps taken to do so by 5:00 p.m. on July 27, 2022. The Court insists that this matter be resolved as quickly as possible without further intervention by the Court.
>
> The Clerk of Court is respectfully requested to terminate the motion sequences pending at Docs. 85 and 86.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>             July 22, 2022

BY ECF

The Honorable Philip M. Halpern
United States District Court
500 Pearl Street
New York, NY 10007

Re:  *McFall v. Walsh*, Case No. 19 CV 11581 (PMH) (S.D.N.Y.)

Dear Judge Halpern:

I represent plaintiff Kathleen McFall in her employment discrimination action against Martin J. Walsh, Secretary, United States Department of Labor ("DOL") under Title VII of the Civil Rights Act of 1964.

Immediately following the Parties' July 14, 2022 discovery conference, counsel for the Parties met to discuss Plaintiff's responses to Defendant's discovery requests and, on the other hand, to discuss information Defendant could provide that would allow Plaintiff to search for emails responsive to Plaintiff's Request for Production of Documents 26. During that conversation, the Parties' counsel discussed methods for figuring out days when Plaintiff's alleged comparators were absent, as well as "clock-in" and "clock-out" times for each comparator on relevant days. On July 15, 2022, Defendant's counsel contacted Plaintiff's counsel and offered acceptable methods for ascertaining when alleged comparators were on leave, which Plaintiff's counsel supplemented with suggestions for additional search terms; Plaintiff's counsel also raised the additional issue of "clock-in" and "clock-out" times on the WebTA forms that keep track of government employee work times, and which were explicitly referenced in a letter reprimanding Plaintiff. On July 15, 2022, per the Court's request, the Parties' represented to the Court that they were attempting to determine whether it would be possible to locate the pertinent information.

Plaintiff's counsel sent Defendant's counsel three emails seeking to determine whether the information sought could be produced, again referencing WebTA. On July 20, 2022 during a telephonic conference, Defendant's counsel stated that he had misunderstood what Plaintiff was asking of him and had not been searching WebTA records, and therefore did not know if it would be possible to do so. Plaintiff's counsel stated that he thought that this potential inability to produce documents needed to be brought to the Court's attention, and asked Defendant's counsel to make inquiries by end of the day on July 21, 2022. At approximately 5:00 p.m. on July 21, 2022, Defendant's counsel stated that he had still not heard back from anyone about the WebTA records,

but that he believed it would be possible to search for the other information sought: days of leave.

Plaintiff is mindful of the Court's stated preference that the Parties not involve it in discovery disputes, and regrets the need to do so here. The Parties are cooperating in good faith, and Plaintiff has tendered her responses to Defendant's Requests for Discovery within the week, as ordered by this Court. But there has been no resolution as to whether Plaintiff will be able to access the information she seeks in Request for Production of Documents 26, or when she might know whether she will receive it, a full week following the Parties' discovery conference, and so Plaintiff wishes to respectfully bring this to the Court's attention for whatever relief and direction the Court might be able to offer.

    Respectfully,

    Conor Ahern
    Counsel for Kathleen McFall
    Tele: (202) 235-2581
    Email: conor.ahern@leschtlaw.com

cc:   Brandon Cowart (by ECF)
      *Defendant's Counsel*